IN UNITED STATES DISTRICT COURT OF
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIM SMITH, and )
BRANDY L. ALEXANDER, )
　)
　　Plaintiffs, )　　Case No. _____
　)
V. )
　)
THE SALVATION ARMY and )
THE SALVATION ARMY ARC, )
ADULT REHABILITATION CENTER, )
　)　　JURY DEMAND
　)
　)
　　Defendants. )

## COMPLAINT

**(Race Discrimination and Retaliation in Employment)**

COME NOW the Plaintiffs, by and through their counsel and file their Complaint for damages against these Defendants as follows and request a jury trial:

### Introduction

1. Plaintiffs, Kim Smith ("Smith") and Brandi L. Alexander ("Alexander"), bring this action pursuant to 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended, (hereinafter referred to as "Title VII"), 42 U.S.C. §1981 for claims of racial discrimination and retaliation committed against them by The Salvation Army, by and through its management and employees, including but not limited to, Captain Dan Matthews and Captain Preston Lewis. Plaintiffs seek redress for the deprivation of rights, privileges and immunities secured by the laws of the United States. Plaintiffs seek attorney's fees pursuant to Title VII and 42 U.S.C. §1988. Plaintiffs seek money damages, injunctive relief, and attorney's fees to remedy their claims that arise out of Title VII.

### Jurisdiction and Venue

2. This civil action is instituted and this Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981, for retaliation for engaging in protected activity under Title VII, and federal question jurisdiction under 28 U.S.C. §§1331, 1334 to redress the unlawful deprivation of Plaintiffs' civil rights secured, guaranteed, and protected by Federal law by Title VII and 42 U.S.C. §1981.

3. Venue is proper in this judicial district under 42 U. S. C. §2000e –5 (f) (3) because this is the judicial district where the unlawful employment practices were committed. Venue is also proper for the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) and (c) to redress the unlawful deprivation of Plaintiffs' civil rights secured, guaranteed, and protected by Federal law. All of the facts giving rise to this action occurred at the Salvation Army located in Jefferson County, Alabama, and is the appropriate venue for this Court.

## Administrative Prerequisites

4. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

5. Plaintiffs have satisfied the jurisdictional requirements to bring this suit by receiving letters of notification from the Equal Employment Opportunity Commission ("EEOC") allowing them to bring a civil action against their employer.

6. Plaintiffs, Brandi Alexander and Kim Smith, filed their employment race discrimination charges and received their Dismissal and Right to sue both dated December 16, 2016.

7. Plaintiffs filed their Title VII retaliation charge related to their race discrimination claims and received their Dismissal and Right to sue dated December 16, 2016. This action has been brought within the expiration of the 90 days of the receipt of these notices of right to sue. At all times relevant herein, the Defendants have continuously been and is now an employer with more than 15 employees and engaged in an industry affecting commerce within the meaning of Title VII.

## Parties

8. Plaintiff No. 1, KIM SMITH ("Smith"), is an African American female, over the age of 19 years, a citizen of the United States and a resident of Jefferson County, Alabama. At all relevant times was an employee of THE SALVATION ARMY which operates three physical locations in Jefferson County, Alabama within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and applicable case law.

9. Plaintiff No. 2, BRANDY L ALEXANDER ("Alexander"), is an African American female, over the age of 19 years, a citizen of the United States and a resident of Jefferson County, Alabama. At all relevant times hereto she was an employee of the SALVATION ARMY, which operates three physical locations in Jefferson County, Alabama, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and applicable case law. She worked at all of the three locations during her employment with the Salvation Army.

10. Defendant No. 1, THE SALVATION ARMY is a foreign corporation formed under the laws of the State of Georgia, whose principal place of business is located in Atlanta Georgia. The SALVATION ARMY operates in Jefferson County, Alabama. Defendant, the SALVATION ARMY ("SALVATION ARMY") is a foreign corporation formed under the laws of the State of Georgia, whose principal place of business is in Atlanta Georgia, doing business in Alabama. The registered agent for service of process in the State of Alabama is Robert Parker whose address is 2100 11th Avenue North, Birmingham, Alabama 35234.

11. Defendant No. 2, THE SALVATION ARMY ARC, ADULT REHABILITATION CENTER, is a Georgia Corporation, who operates at locations in Birmingham, Alabama identified herein as Birmingham Adult Rehabilitation Center and provides human resources, payroll, compensation, management and general oversight for the Birmingham Salvation Army locations, this will be referred to collectively as the ("Salvation Army ARC").

12. Both Defendant No. 1 and Defendant No. 2, The Salvation Army and the Salvation Army ARC will be referred to herein collectively as "The Salvation Army."

### Facts

13. Plaintiffs re-allege and incorporates by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

14. The Salvation Army has three physical locations in Jefferson County, Alabama. At the time there was a Store located on Greensprings Highway ("Greensprings"). There is a Store located on U.S. Highway 150 in Hoover ("Hoover"). And, the administrative building for the Salvation Army in Birmingham is located in downtown Birmingham as well as a warehouse where collections are processed and distributed to the stores for sale.

15. Plaintiff Smith was first employed by Salvation Army September 8, 2014 as a full-time store manager. At all relevant times herein, Plaintiff Smith worked under the management the two white male Captains who were located in the Birmingham Salvation Army ARC. Plaintiff Smith was harassed and discriminated against by Captain Dan Matthews. When Smith began employment at Salvation Army, she moved to Birmingham, Alabama from Montgomery having been hired to work for the Salvation Army. When she began her employment, she was advised that Salvation Army and Matthew were under investigation having been charged with race discrimination and harassment by another employee, who was a African American women store manager.

16. Based on information and belief, Smith was told and believed that the only reason she was hired was help the Salvation Army appear less biased against African American women in management. When the other pending race discrimination case ended, Smith began to experience harsh and persistent hostility from Matthews, through his own action and through other employees at his direction. Matthews would harass, scrutinize, and berate Smith. And, the similarly situated white managers would not receive the same unfair and unjust treatment.

17. Jessica Perry ("Perry") who was a white female and was the Hoover store manager. After having been advised in the beginning that she worked under the management of Captain Dan Matthews, Matthews told Smith that the Hoover store manager, the white female, Perry, was "her boss" and that she was over both the Greensprings and Hoover stores. Perry was not as experienced as Smith. Perry was often late and lax about the management responsibilities of the Hoover Store that was poorly organized and was experiencing personnel issue. Perry would often disappear from work with no consequences, no accountability, and no scrutiny for her tardiness and many absences. Perry's Hoover store was a mess. There were rumors amongst the employees that Perry was having an affair with Matthews. Perry was treated more favorably then Smith.

18. While Perry was store manager, Plaintiff Alexander was promoted to the position of one of her assistant managers at the Hoover store location, after having worked at the Salvation Army a short period of time about one year and having progressed from the warehouse as a hanger, then moved into the Greenspring Store as a floor worker, she was promoted to Assistant manager and relocated to the Hoover location where Perry was the store manager.

19. Because during the time that Alexander was an assistant manager at Hoover, Perry was frequently absent from the Hoover store. Alexander and the other assistant manager were frequently required to assume management duties in her absence.

20. Following the example set by Matthews, when she was present Perry disregarded and ignored, these assistants, just as Matthews disregarded and disrespected Smith. Perry perpetuated that same hostile work environment that was regular course of business for Matthews. She encouraged an environment of disrespect and disregard for both of her assistant managers who were both African American women, one of them being Alexander.

21. Employees subordinate to Alexander and the other African American women assistant manager were often encouraged and even rewarded by Perry for causing problems, for ignoring, disrespecting and disregarding any authority Alexander and the other black female assistant manager attempted to exercise. They were left unsupported by their store management which left them ineffective and unable to carry out their jobs.

22. December, 2014, Alexander and Perry had a dispute. Perry accused Alexander of having a meeting wherein she was accused of using profanity. Perry was absent from the store. She was disciplined by Matthews at the word of Perry based on hearsay of employees who did not want to be supervised.

23. Alexander was convinced that Perry had also tried to set her up to appear that she was stealing cash. Perry tried to force Alexander, on a least two (2) separate occasions to use money bags left by Perry unsecured in locations that were not properly secured and inconsistent with prudent procedures. When Alexander and another employee verified the contents both these money bags were discovered to be missing cash. After Alexander refused to use the money bag left by Perry and told Perry of her choice to seek alternatives, Perry confronted Alexander stating that she thought that Alexander did not trust her. After Alexander advised that she had the bag counted by another employee in her presence that the money bags had come up short of cash.

Alexander told Perry that she did to use the bag and Perry stated that someone was going to take the blame for her money bag being short even though Alexander had refused to work from them.

24. After this did not work Perry then resorted to getting other employees to tell her about alleged events and about Alexander that she was not present to observe. She accused and convicted Alexander without adequate investigation and provoked her into a loud exchange with the unsubstantiated allegations.

25. Although Alexander was promoted to assistant manager in October, 2014, she was not subjected to a background check until she and Perry had a dispute. While Alexander was suspended on December 4, 2014 by Matthews for five (5) days after Perry complained to Matthews about Alexander. While Alexander was suspended on December 5, 2014, she called the Human Resources in Atlanta and spoke with Mark McAfee. Alexander complained to McAfee about being harassed and discriminated against by Perry and Matthews explaining the series of events in detail.

26. Then the same day Alexander was notified to return to work, on December 11, 2014, the Salvation Army terminated Alexander. She was terminated after Alexander complained to McAfee about harassment and discrimination perpetuated by Perry and Matthews. But, the Salvation Army and Matthews had her terminated stating that the Salvation Army fired her alleging that her background check came back with a misdemeanor conviction that they were not aware of being on her criminal background. This misdemeanor conviction involved a domestic dispute where she was the victim well before she was hired at the Salvation Army. This alleged unacceptable background check was a pretext for unlawful discrimination and unlawful termination based on Alexander engaging in protected activity, having complained to McAfee about harassment and discrimination and then filing an EEOC charge against the Salvation.

27. The background check would have revealed the same misdemeanor at the time Alexander was hired or even before she assumed the position of assistant manager. And, the background check was performed three months after Alexander started working as an assistant manager. She was not allowed to return to work, but was terminated in December, three months after she was transferred to the Hoover store as the assistant manager. Despite representations made by the Salvation Army that Alexander was offered a position to return to the Salvation Army in her previously held position, she was terminated. Any statement that the Salvation Army offered to return to her previous position was not true. Alexander was terminated. At the time, Alexander was a single mother with three (3) small children, just overcoming recent homelessness, and in December, 2014 just days before Christmas she was distraught.

28. Matthews would come to the Green springs store where Smith was the manager harass and humiliate her claiming that her store was a mess. He would just pop up personally or send other female employees to the Green Springs store photographing aspects of the store and openly embarrassed her claiming in the presence of employees under her supervision that she was not operating her store properly. On other occasions, he would just ignore her and disregard and disrespect her and discuss management issues, both outside of and in her presence with her assistant manager, a white male, whose name was Tom. Smith was scrutinized, criticized and harassed incessantly at the hand of and at the direction of Matthews by others.

29.  Perry eventually resigned as the manager of the Hoover store. Perry was replaced by the same white male assistant manager, Tom, who Matthews would treat as Greensprings store manager in disregard of Smith. Smith was aggrieved and complained because she was not given the opportunity to move to the Hoover store, which was perceived as a more desirable location. Smith filed an EEOC charge regarding the Salvation Army and Matthew's behavior and treatment. Smith filed a charge of alleging race discrimination and that she was being harassed because of her race.

30.  After he was promoted, Hoover was poorly managed by Tom, who admitted to Smith that he was not as experienced as she was as a manager. His employment was terminated or he resigned leaving the Hoover store manager's position available. Smith was given an opportunity to manage the Hoover store under the new Captain Preston Lewis ("Lewis"). This offer came after

31.  Smith filed her EEOC charge. Smith's EEOC charge remained pending and was under investigation. Smith received a performance appraisal and written accolades for her performance and the running of the Hoover store. When the EEOC investigation was almost complete and approaching the 180 day deadline, Smith having already experienced harassment worked under the sustained unrelenting fear that she would be scrutinized, harassed, disciplined, or terminated for any excuse or pretext.

32. During her time at the Salvation Army, Smith continued to experience harassment and discrimination. Smith complained to Lewis about a black face which was sent from the warehouse and placed on displayed for sale in the Hoover store telling him that she and another African American employee found this item offensive. Lewis totally disregarded her complaint blew her off and stated that this item was "art." Smith began again to be the subject of unjust scrutiny and disciplinary action. She was subjected to a hostile work environment at the hands the Salvation Army, Preston Lewis, or others at his direction. And, she was just one of several African American employees being subjected to harassment and discrimination at the hands of Lewis.

33.  Captain Lewis then began and maintained a sustained campaign of harassment and discrimination against Smith. After being disciplined by unjustly being written up several times for reasons manufactured by Lewis and without a factual basis, she complained to him that she was being subjected to harassment. Being unable to take any additional torment by Salvation Army, Smith quit and filed another EEOC charge against the Salvation Army. She was forced to quit after she was harassed to the point of nervousness, anxiety, and chest pains, she quit her job without having secured another position.

## COUNT I
### (Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.)

34. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

35. The Defendants' conduct as alleged herein constitutes discrimination based on race in violation of the Title VII of the Civil Rights Act of 1964, as amended. This treatment by Defendant Salvation Army, by and through is employees, agents, and its managers has adversely affected Plaintiffs' terms and conditions of employment in a violation of Title VII. Furthermore said acts have affected Plaintiffs' right to be free of racial discrimination, including harassment and retaliation. Similarly situated white individuals have not been treated in the same discriminatory manner.

36. The reasons the Defendants provided for punishing, by suspending, and actually and constructively terminating Plaintiffs were not the true reasons, but were pretext to hide the Defendants' discriminatory animus toward them. Plaintiffs race was a determining factor and/or a motivating factor in the discrimination they were subjected to at the Salvation Army in violation of Title VII.

37. Defendants have engaged in a practice of systemic racial discrimination and harassment, particularly with regards to the treatment of Plaintiffs with regard to the managerial authority, support, and respect, given to Plaintiffs as Store manager and as assistant store management.

38. This intentional, willful, and reckless discrimination Plaintiffs suffered at the hands of these Defendants has caused them to suffer financial loss, embarrassment, humiliation, mental distress, emotional pain, anguish, and loss of financial opportunity as a consequence of these Defendants' racially discriminatory, demeaning and unlawful conduct.

39. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs addressed herein, and this action is their only means of securing adequate relief. The Plaintiffs are now suffering and will continue to suffer irreparable injury from these Defendants' unlawful conduct and policies unless enjoined by the court.

## COUNT II

### (Race Discrimination in Violation of 42 U.S.C. §1981)

40. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

41. Plaintiffs have been discriminated against and treated differently than similarly situated white employees because of their race, African American, in violation of Section 1981 of the Civil Rights Act prohibits discrimination in employment.

42. The effect of the Defendants' discrimination as outlined in detail above has been to deprive the Plaintiffs of the same rights to make and enforce contracts as is enjoyed by similarly situated white employees in violation of 42 U.S.C. § 1981.

## PLAINTIFFS DEMAND

### COUNT III
### (Retaliation)

43. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

44. Defendants retaliated against Plaintiffs in violation of Title VII and 42 U.S.C§ 1981 because they engaged in a protected activity. Both Plaintiffs complained about being harassed and discriminated against. Both Plaintiffs filed EEOC charges.

45. After Plaintiff Alexander contact Human Resources spoke with McAfee and complained and after she filed her EEOC charge she was terminated based a pretext of a bad background check after having been employed with The Salvation Army for one year and 5 months and after working as an Assistant manager for about 3 months and the alleged conviction occurred years before she was employed by the Salvation Army.

46. After Plaintiff Smith filed her EEOC charge she was being harassed, excessively criticized and overly scrutinized by Salvation Army management and after she complained about the black face the harassment was intensified and Salvation Army personnel continued to discriminate against her even after she complained that she was being harassed.

47. Plaintiffs' complaints both led to more harassment and discrimination and termination of employment.

### Prayer for Relief

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully request that this Court assume jurisdiction of this action, and after a trial:

48. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violations of the rights of the Plaintiffs as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and 42 U.S.C. § 1981.

49. Grant Plaintiffs a permanent injunction enjoining the Defendants, its agent, successors, employees, attorneys and those acting in concert with the Defendants from continuing to violate Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. §2000e et seq., and §1981.

50. Enter an Order requiring the Defendants to make the Plaintiff whole by reinstating their employment status with Defendants, awarding them compensatory and punitive damages, and/or nominal damages, declaratory relief, and injunctive relief.

## VERIFICATION

I, *Kim Smith*, declare that I am the Plaintiff in this matter. I have personal knowledge of the facts that are related to my claims as set out in the foregoing *Complaint*.

Executed this the **15th** day of **March**, **2017**.

*[signature]*
KIM SMITH
Plaintiff

I, *Brandy Alexander*, declare that I am the Plaintiff in this matter. I have personal knowledge of the facts that are related to my claims as set out in the foregoing *Complaint*.

Executed this the **15th** day of **March**, **2017**.

*[signature]*
BRANDY L. ALEXANDER
Plaintiff

Respectfully Submitted,

s/ Jacqueline C. Smoke
**JACQUELINE C. SMOKE (SMO001)**
Attorney for the Plaintiffs

**OF COUNSEL:**
**SMOKE LAW, L.L.C.**
950 22nd Street North, Suite 628
Post Office Box 1055
Birmingham, Alabama 35201-1055
Phone: (205) 795-3602
Facsimile: (205) 795-3603